UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEFINA ROJAS,

                              Plaintiff,

                v.

UNITED STATES OF AMERICA,

                              Defendant.

01 Crim. 471

10 Civ. 3992

11 Civ. 4203

**OPINION**

Petitioner Josefina Rojas pleaded guilty to conspiracy to possess and distribute cocaine.  Rojas is currently serving her 240-month sentence.  Rojas has filed two motions under 28 U.S.C. § 2255 to vacate her sentence because of ineffective assistance of counsel, due-process violations, and prosecutorial misconduct.

The motions are denied.

**FACTS**

Rojas was indicted by a federal grand jury on May 14, 2001, for her role as leader of an international drug ring.  This indictment followed her incarceration in New York state prison for felony narcotics possession.  On February 25, 2005, the Government filed a prior felony information against Rojas based on the New York conviction.  Pursuant to a plea agreement dated March 24, 2005, Rojas pleaded guilty on April 4, 2005, to possession with intent to distribute 150 or more kilograms of cocaine.

Because of Rojas's criminal record, she faced a mandatory minimum sentence of 240 months.  The plea agreement called for a sentencing guidelines range of 262 to 327 months.  In the plea agreement, Rojas waived her right to appeal or collaterally attack a sentence within or below this stipulated range.  The pre-sentence report issued by the Probation Department calculated a different guidelines range of 240 to 293 months' imprisonment.  This lower guidelines range was adopted by the court.

Following her plea, Rojas attempted to cooperate with the government.  This resulted in a delay in sentencing while Rojas's attorney and the government discussed potential cooperation by Rojas.  Rojas's attempt to cooperate, however, was unsuccessful.  Rojas's attorney also sought to have Rojas credited with time served in state custody on similar charges.  Such a credit was rejected by the court.  And Rojas's attorney sought to have the government withdraw the prior felony information, which would have reduced Rojas's mandatory minimum sentence from 240 to 120 months.  The court adjourned sentencing to allow Rojas's attorney to seek such a withdrawal, but he was unsuccessful.

On November 5, 2008, Rojas was sentenced below the stipulated guidelines range to the statutory minimum of 240 months' imprisonment.  Rojas did not appeal her conviction or sentence.

In April 2010, Rojas filed the instant petition under § 2255, to which the Government responded.  See Rojas v. United States, 10 Civ. 3992.  In May 2011, before Rojas's petition had been resolved by this court, Rojas filed

2

another petition pursuant to § 2255.  See Rojas v. United States, 11 Civ. 4203.

The court ordered the Government to answer and consolidated that petition

with the petition Rojas filed in 10 Civ. 3992.

In her first § 2255 petition, Rojas seeks to vacate her sentence because

her attorney was ineffective at sentencing in four ways:

1. Counsel failed to move for a downward departure based on Rojas's
   pretrial detention conditions;

2. Counsel failed to request a sentencing reduction based on Rojas's
   ineligibility for certain programs because of her immigration status;

3. Counsel failed to seek credit for Rojas's time served in state custody; and

4. Counsel failed to obtain a reduction in Rojas's sentence based on her
   attempts to cooperate.

In her second § 2255 petition, Rojas first argues that her claim is not

time-barred or, in the alternative, that equitable tolling would be appropriate.

Although the second petition is otherwise difficult to follow, Rojas appears to

make the following claims:

1. Her due-process rights were violated because the court accepted her plea
   without all the facts and because, whether Rojas cooperated or not, she
   could never receive less than a mandatory minimum sentence.

2. Prosecutorial misconduct in delaying Rojas's sentencing and misleading
   Rojas into believing she had a chance at a downward departure, when in
   fact she did not because she was subject to a mandatory minimum, as
   well as prosecutorial misconduct in failing to withdraw the prior felony
   information.

3. Rojas has "newly discovered" information, which shows that had her case
   been handled differently, the outcome would have been different (she
   would have received a lesser sentence).  In this claim she asserts, inter
   alia, that had the prior felony information been withdrawn, she would
   have received a lower sentence.  In neither of her petitions does Rojas
   explain what sort of "newly discovered information" she is referring to.

4. Ineffective assistance of counsel because Rojas's attorney failed to negotiate with the Department of Justice to remove the prior felony information from her PSR, despite being advised to do so.

## DISCUSSION

Timeliness

The court does not need to address the merits of this petition because the petition is time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year statute of limitations for § 2255 petitions. Here, the relevant statute of limitations begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f).

Because Rojas did not appeal any aspect of her case, her judgment of conviction became final on November 20, 2008, 10 business days following the entry of criminal judgment. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). Thus, the statute of limitation expired on November 20, 2009. But Rojas did not file the instant petition until April 2010, well beyond the limitations period. Rojas filed her second petition in May 2011 – also outside the limitations period.

Rojas argues that the limitations period should be equitably tolled because she lacked access to a lawyer, does not speak English, and was unaware of the proper procedure to collaterally attack her sentence. However, none of these circumstances are sufficient to justify tolling. See Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003) (The usual problems inherent in being incarcerated do not justify equitable tolling.); Thrower v. Laird, No. 06 Civ. 4864, 2006 WL 3735649, at *2 (S.D.N.Y. Dec. 14, 2006) (ignorance of

AEDPA not sufficient); <u>Beltre v. United States</u>, 477 F. Supp. 2d 649 (S.D.N.Y.

2007) (failure to speak or understand English not sufficient).

<u>Waiver</u>

In addition to being time-barred, Rojas's petition must be dismissed

because, as noted above, Rojas waived, in her plea agreement, any right to

challenge a sentence within or below the range of 262 to 327 months.  This

waiver included a waiver of direct appeal, and collateral attack under § 2255.

Having so waived, Rojas is barred from challenging her sentence in a § 2255

petition, even if that challenge is couched in terms of an ineffective assistance

of counsel claim.  See <u>Garcia-Santos v. United States</u>, 273 F.3d 506, 508-09

(2d Cir. 2001).

<u>Merits</u>

Even if Rojas's claims were to be considered on the merits, her petition

should be dismissed.

<u>Ineffective Assistance of Counsel</u>

Rojas makes several claims of ineffective assistance of counsel.  To

succeed on an ineffective assistance claim, Rojas must first show that her

attorney's representation fell below "an objective standard of reasonableness."

<u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984).  Second, Rojas must show

that her attorney's inadequate representation prejudiced her.  Prejudice in this

context occurs when "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."

<u>Id.</u> at 694.

As to Rojas claims that her attorney failed to seek downward departures based on various circumstances, Rojas ignores that she was sentenced to the statutory mandatory minimum.  The court could not have departed any further downward and therefore Rojas cannot show that if her attorney had acted differently that the result would have been different.

The next ineffective assistance claim is that Rojas's counsel was ineffective for failing to seek sentence credit for Rojas's time served in state custody.  The flaw in this claim is that, as noted above, Rojas's attorney did, in fact, request such a credit.  That request was rejected by the court.

Rojas's claim of ineffective assistance based on her counsel's lack of efforts to have the prior felony information withdrawn must also fail.  Rojas's attorney did attempt to have this prior felony information removed, but to no avail.

Rojas's Other Claims

Rojas's other claims also should be rejected.

First, with respect to Rojas's claim that her due-process rights were violated, Rojas appears to contend that the court was not aware that Rojas was being "threatened" with "the prior felony statement" that ultimately led to her receiving a mandatory minimum sentence of 240 months.  However, the record indicates that Rojas made a knowing and voluntary guilty plea with a full understanding of the sentence she could receive.  Her signed plea agreement refers to the statutory mandatory minimum of 240 months imprisonment and at her plea hearing, Rojas confirmed that she understood the terms of this plea

agreement.  <u>See</u> Transcript of Plea Hearing, April 4, 2005, at 4:1-14.  This

mandatory minimum also was the subject of discussion at Rojas's plea

hearing:

> The Court:  Under the statute, anyone who is convicted of the
> crime that is charged here must receive a mandatory minimum
> term of 20 years in prison, and that can go up to a maximum of life
> in prison.  . . . Do you understand that?
>
> The Defendant:  Yes, Sir.

<u>See</u> Transcript of Plea Hearing, April 4, 2005, at 4:17-22.

Second, with respect to Rojas's claim of prosecutorial misconduct, she

has not set forth facts showing that the prosecutors committed any misconduct

in "delaying" the sentencing or failing to withdraw the prior felony information.

A constitutional claim for prosecutorial misconduct requires that the conduct

be egregious.  <u>Miranda v. Bennett</u>, 322 F.3d 171, 180 (2d Cir. 2003).  This high

standard has not been met on these facts.  There is no evidence of egregious

conduct in the delay of the sentencing or in the government's decision not to

withdraw the prior felony information.  Rojas's counsel and the Government

apparently discussed cooperation, but failed to reach an agreement, which

accounts for the delay in sentencing.  The Government did not have an

obligation to accept Rojas's offer of cooperation.  There also is no dispute that

the Government had the right to seek a mandatory minimum for this offense

and had no obligation to withdraw the prior felony information.  Rojas's

attorney at sentencing went to great lengths, but ultimately was unsuccessful,

in attempting to have the Government withdraw the prior felony information

and have Rojas sentenced below the mandatory minimum.

Finally, although Rojas briefly alludes to "newly discovered information," even construing Rojas's motion broadly, Rojas has not set forth any newly discovered information or any constitutional claims based on such information.

## CONCLUSION

Rojas's § 2255 petitions are dismissed.

As Rojas has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability will not issue.  See 28 U.S.C. § 2253(c).  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision would not be taken in good faith.

So ordered.

Dated:  New York, New York
       November 19, 2013

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/2013

8

9

Mailed from Chambers to:


Josefina Rojas
55917-054
FCI Tallahassee
Federal Correctional Institution
501 Capital Circle, NE
Tallahassee, FL  32301