UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————————x

UNITED STATES OF AMERICA

V.                                                                                   01 CR 471 (CM)

JOSEFINA ROJAS,

        Defendant.

——————————————————————————x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/2020

DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

McMahon, C.J.:

    Josefina Rojas was charged in 2001 with conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 1 kilogram of heroin, in violation of 21 § U.S.C. 812, 841 (a)(1) and 841 (b) (1) (A). On April 4, 2005, Rojas pleaded guilty and on November 5, 2008 the Court sentenced her to the mandatory sentence of 20 years in prison followed by 10 years of supervised release. *See* Rojas Sentencing Hearing Transcript at 5:6-10. Rojas is currently being housed at F.M.C. Carswell in Fort Worth, Texas. According to the Bureau of Prisons ("BOP"), she is scheduled to be released on August 15, 2021.

    Before the Court is Rojas' motion for compassionate release filed pursuant to 18 U.S.C. §3582(c)(1)(A)(i), as amended by the First Step Act ("FSA"), P.L. 115-391. Rojas argues that there are a constellation of extraordinary and compelling reasons—her age (she is 52 years old), poor health, the Bureau of Prisons failure to adequately care for her medical needs, the high incidence of COVID-19 at F.M.C. Carswell, and her increased risk of dying from COVID-19 if she should contract the virus—that warrant granting her compassionate release.

1

Compassionate Release

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." § 3582(c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (emphasis added). Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment.

If a defendant demonstrates that he has exhausted his administrative remedies with the BOP, the Court must then consider whether the defendant has met his burden of establishing "extraordinary and compelling circumstances" warranting release.[1] Until recently, this Court— and many of my district court colleagues—looked to United States Sentencing Guidelines § 1B1.13 (the applicable Guidelines section for sentencing reductions pursuant 18 U.S.C. § 3582(c)(1)(A)(i)), for guidance on what constituted "extraordinary and compelling circumstances."[2] That changed on September 25, 2020, when the United States Court of Appeals

---

[1] "A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue." *See, e.g.*, United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992).

[2] The Application Notes to Section 1B1.13 describe the circumstances under which "extraordinary and compelling reasons" exist. *See* § 1B1.13 comment (n.1). For example, the medical circumstances ground reads as follows:

(A)    Medical Condition of the Defendant.—

for the Second Circuit held that § 1B1.13 is not applicable to a motion brought by a defendant in the district court. *United States .v. Brooker* No. 19-32180-CR, 2020 WL 5739712, at *6 (2d Cir. Sept. 25, 2020). The Second Circuit reasoned that the language of § 1B1.13—language that has not been updated since the passing of the First Step Act—addressed only sentencing reduction motions initiated by the Bureau of Prisons. *Id.* In making clear that the district court was not constrained by the narrow grounds for granting compassionate release in § 1B1.13, the Second Circuit declared unequivocally that "district courts have discretion to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release," and that "neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *Id* at *7.

What Brooker did not change, however, is the mandate in § 3582(c)(1)(A)(i) that a court contemplating a defendant's release pursuant to that section must first consider the sentencing factors at 18 U.S.C. § 3553(a), to the extent they are applicable, and determine whether they counsel for or against release. A court may still deny compassionate release where the § 3553(a)

---

(i)     The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia

(ii)     The defendant is—

       (I)     suffering from a serious physical or medical condition,

       (II)     suffering from a serious functional or cognitive impairment, or

       (III)     experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self- care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 comment (n.1).

factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances.

<u>Rojas' Failure to Exhaust his Administrative Remedies in the Bureau of Prisons</u>

Rojas claims that she submitted a request for compassionate release to the warden on June 17, 2020. She says in her motion that she attached a copy of that request to her motion papers. However, the Court found no such papers with her motion. And the Government represents that the BOP has represented to it that the Warden at FMC Carswell never received a request for compassionate release from Rojas. Because the defendant has the burden to demonstrate that she has exhausted her administrative remedies, her failure to provide proof of exhaustion is fatal to her claim.

While numerous defendants around the country have cited the unusual circumstances presented by COVID-19 as a basis for compassionate release and have argued that the exhaustion requirement should be excused, the vast majority of district courts have rejected that argument.[3] The only court of appeals to have addressed the question has also rejected the argument and required exhaustion. *See United States v. Raia*, __ F.3d __, 2020 WL 1647922, at * (3d Cir. Apr. 2, 2020). In *Raia*, the Third Circuit recognized the serious concerns presented by COVID-19, but held that, in light of these

---

[3] *See United States v. Hernandez*, No. 18 Cr. 834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020); *United States v. Cohen*, No. 18 Cr. 602 (WHP), 2020 WL 1428778, at *1 (S.D.N.Y. Mar. 24, 2020); *United States v. Carver*, No. 19 Cr. 6044, 2020 WL 1604968, at *1 (E.D. Wa. Apr. 1, 2020); *United States v. Clark*, No. 17 Cr. 85 (SDD), 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); *United States v. Williams*, No. 15 Cr. 646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020); *United States v. Garza*, No. 18 Cr. 1745, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020); *United States v. Zywotko*, No. 19 Cr. 113, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020); *United States v. Eberhart*, No. 13 Cr. 313 (PJH), 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *United States v. Gileno*, No. 19 Cr. 161, 2020 WL 1307108, *3 (D. Conn. Mar. 19, 2020). *But see United States v. Perez*, No. 17 Cr. 513 (AT), 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020); *United States v. Colvin*, No. 19 Cr. 179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020).

concerns, as well as the BOP's statutory role and its "extensive and professional efforts to curtail the virus's spread, . . . strict compliance with Section 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Id.* at *2. And I agree with my colleague, The Honorable Jesse Furman, who concluded, in *United States v. Roberts*, No. 18-CR-528-5 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020), that compliance with a statutorily imposed exhaustion requirement could not be waived by a court in the absence of the Government's consent.

Accordingly, the Court lacks authority to entertain Rojas motion.

The Motion Before the District Court

Even if Rojas had exhausted her administrative remedies with the BOP, her motion would fail nonetheless because (1) she has not demonstrated extraordinary and compelling reasons warranting her release, and (2) even if she had made such a showing, consideration of the § 3553(a) sentencing factors would counsel against release.

In regard to the risk of contracting COVID-19 at FMC Carswell: While prison officials there have fully implemented the BOP's national multi-phase action plan for combatting the virus (*see BOP COVID-19 Action Plan*, https://www.bop.gov/ resources/ news/20200313_covid-19.jsp., (periodic updates to plan omitted)), the virus has more than made its presence known in that facility. According to BOP website, there have been 1279 COVID-19 tests administered since the Pandemic began, yielding 512 positive results. *See* BOP COVID-19 Dashboard, https://www.bop.gov /coronavirus/ (last visited October 21, 2020). So, Rojas is not wrong in saying that FMC Carswell was a BOP hotspot. Indeed, the outbreak of COVID-19 cases during the summer months was one of the largest in the federal prison system. However, prison officials seem to have beaten back the virus at FMC

Carswell. Currently, there are five inmates, and three staff at FMC Carswell who are testing positive for the virus.[4] That said, for the purpose of deciding this motion, the Court does not dispute that FMC Carswell is far from an ideal place to be during a pandemic.

But Rojas is not the type of inmate whom this Court would consider releasing because of the threat of COVID-19. According to Rojas medical records, she does not currently suffer from any diagnosed condition that, according to CDC guidelines, would place her at a high risk of a severe COVID-19 infection. *See* Rojas 2019-2020 Medical Records. Government Response, Exhibit B. Those same records show that she has received treatment for various medical concerns throughout her time in FMC Carswell, and that her doctors have been diligent in caring for her. *Id.*

But even if Rojas had established that her medical condition or some other reason "that an imprisoned person might bring" augured in favor of granting her compassionate release, the sentencing factors set forth at 18 U.S.C. § 3553(a) would nonetheless counsel against release. Rojas was involved in a conspiracy to distribute cocaine and heroin—a conspiracy so serious it carried a mandatory sentence of 20 years in prison. (Presentence Investigation Report "PSR" at ¶ 19). Rojas was the leader of the organization and she directed her co-conspirators to use pressure and acts of violence when necessary to obtain payments. (PSR ¶ 20). In 1992, members of her organization murdered two men inside an apartment in Queens that was connected to the Rojas. (PSR ¶ 22). The mandatory 20-year sentence she received was warranted.

---

[4] After dealing with numerous compassionate release motions over the last several months, I have learned that BOP statistical reporting for a particular facility does not always comport with, and often understates the actual infection rate at that facility.

Rojas' criminal history also counsels against release. A prior four-year sentence for criminal sale of a controlled substance in the second degree (PSR ¶ 47), and a six to twelve-year sentence for criminal possession of a controlled substance in the third degree (PSR ¶50), did not deter her from becoming involved in the narcotics conspiracy charged in this case. Reducing her sentence would seem to undermine the sentencing goal of specific deterrence.

Finally, Rojas' BOP disciplinary history shows a pattern of misconduct, including a possession of narcotics offense in February of 2019. This tends to contradict her assertion that she has been rehabilitated while incarcerated. *See* Rojas Disciplinary Record at 1 (Government's Response Exhibit C).

Rojas will be released sometime early next year to a structured BOP community supervision program (halfway house), where she will receive counseling and provided with resources to help her transition back into society. It is in society's interest that Rojas go through that whole process.

The motion for compassionate release is denied.

Dated: October 21, 2020

_____
Colleen McMahon
Chief Judge